In the Matter of CROWLEY'S MILK Co., INC., Appellant, against PETER G. TEN EYCK, as Commissioner of the Department of Agriculture and Markets of the State of New York, et al., Respondents.

(Argued March 2, 1936; decided March 17, 1936.)

*Lloyd C. Anderson* for appellant. The order of the Commissioner is arbitrary, discriminatory and not supported by the evidence. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *P. S. Comm.*, 159 App. Div. 546; 215 N. Y. 241; *Federal Trade Comm.* v. *Gratz*, 253 U. S. 421; *People ex rel. Dawley* v. *Wilson*, 232 N. Y. 12; *Matter of Andes Co-operative Dairy Co.* v. *Baldwin*, 238 App. Div. 726; 263 N. Y. 578.)

*Henry S. Manley* for respondents. The order of the Commissioner is supported by evidence and is not arbitrary or discriminatory. (*People ex rel. Kohlman & Co.* v. *Law*, 239 N. Y. 346; *Nekoosa-Edwards Paper Co.* v. *R. R. Comm.*, 193 Wis. 538; *Briggs Mfg. Co.* v. *United States*, 30 Fed. Rep. [2d] 962; *State ex rel. Knight* v. *Cave*, 20 Mont. 468; *State* v. *Johnson*, 20 Mont. 367.)

O'BRIEN, J. In this certiorari proceeding appellant seeks a declaration condemning as unconstitutional those parts of sections 258 and 258-c of the Agriculture and Markets Law (Cons. Laws, ch. 69) which relate to the legislative grant of power to the Commissioner of Agriculture and Markets to limit licenses to conduct the milk business to certain localities and his assumed power in respect to the extension of an existing business.

Appellant is a corporation licensed to conduct the business of distributing milk at wholesale and retail. April 1, 1935, in compliance with the provisions of section 258, it applied for a renewal of its license. This section provides: "Application for license. An applicant for a license to operate as a milk dealer shall file an application upon a blank prepared under authority of the commissioner. An applicant shall state such facts concerning his circumstances and the nature of the business to

be conducted as in the opinion of the commissioner are necessary for the administration of this chapter. Such application shall be accompanied by the license fee required to be paid. The commissioner may classify licenses and may issue licenses to milk dealers to carry on a certain kind of business only, or limited to a particular city or village or to a particular market or markets in the state, and may specify the place or places where milk may be received from producers."

The license application blank prepared by the Commissioner and filled in by appellant in conformity with section 258 is not in this record, but from a partial quotation in respondents' brief and in the minutes of a hearing conducted by a departmental official, the fact appears that it included this requirement: " Give below the name of each city and village wherein you sell milk and wherein you hold an unrevoked Health Permit." Appellant thus filled in this part of the blank: " Binghamton, Johnson City, Endicott, Newburgh *and others.*" There is no evidence that appellant applied for a license to conduct its business in any specified territory. The license issued to and accepted by appellant authorized it " to buy milk from producers at the place or places named in the licensee's application, to buy milk from other milk dealers, and to sell or distribute milk in the *place or places named in the licensee's application.*" Although the city of Beacon is not a place named in the application nor in the license, appellant proceeded to distribute milk in that city, where for part of the time during some of the previous years it had operated as a retail dealer, and asserts that it has a license to distribute its product without limitation. Without making application to operate in Beacon or any other definite locality and without obtaining a license to operate anywhere except in certain specified cities, late in May, 1935, it resumed its interrupted retail distribution in Beacon and, thereupon, after such resumption, the Commissioner of Agriculture and Markets

served notice upon it that it would be given an opportunity to be heard on a certain date as to whether its license should be amended to permit it to operate in the city of Beacon. In this notice, dated June 26, 1935, the Commissioner stated: " It is alleged that the *extension* of your license permitting you to operate in the City of Beacon, N. Y., at this time will tend to destructive competition in a market already adequately served and will be incumbent upon you to present evidence showing that the granting of such *extension* will be in the public interest." The Commissioner had in mind the following provisions of section 258-c of the Agriculture and Markets Law applicable to the *extension* of an existing business: " Granting and revoking licenses. No license shall be granted to a person not now engaged in business as a milk dealer except for the continuation of a now existing business, and no license shall be granted to authorize the *extension* of an existing business by the operation of an additional plant or other new or additional facility, unless the commissioner is satisfied that the applicant is qualified by character, experience, financial responsibility and equipment to properly conduct the proposed business, that the issuance of the license will not tend to a destructive competition in a market already adequately served, and that the issuance of the license is in the public interest. * * *."

Appellant's representatives appeared at the hearing and its counsel thus stated its position: " I would like to have it appear on the record that Crowley has not made any application for an *extension* of their license to do any business in Beacon, it being *Crowley's contention that their license already issued permits of such activities as they are engaged in and have been for many years, in the City of Beacon*." After the close of the hearing the Commissioner issued an order " that the license heretofore issued to Crowley's Milk Co., Inc., be and the same is hereby *extended* to permit the delivery of milk by the licensee at

wholesale to Alps Sweet Shop, Boston Candy Kitchen and Walcher's Pharmacy in the city of Beacon, for the use of such customers; and it is hereby further ordered that the licensee be and it is hereby directed to discontinue forthwith the operation of the retail route in the city of Beacon." In so far as the Commissioner granted an *extension* of appellant's license to conduct a wholesale business in Beacon, an extension for which appellant insists it never asked, appellant cannot complain either on constitutional or other grounds. In so far as he ordered the discontinuance of appellant's retail route in Beacon the rights of the parties, as presented by this record, depend not upon the constitutionality of sections 258 or 258-c but upon the interpretation to be given to appellant's application for its license and the license issued to it.

The license is not in terms sufficiently broad to authorize appellant to operate elsewhere than in Binghamton, Johnson City, Endicott and Newburgh. The alleged absence of the Commissioner's right to limit appellant's license to those localities cannot be determined on this record. An applicant, without applying for a license in a more extensive territory, who accepts a license which by its terms is limited to a restricted territory, disregards the limitations in that license and places upon it an interpretation which its language does not warrant, has not laid the proper ground work for an attack upon the Commissioner's constitutional power under section 258 to limit the license to particular cities or villages. Certainly appellant's contention that its license, as issued, allowed it to distribute milk in Beacon is wholly untenable. Appellant made no demand for an unlimited license or for one less limited in its scope. It merely disobeyed the provisions of the license which it accepted and incorrectly interpreted it.

The order should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order affirmed.