In the Matter of the Application of SHEFFIELD FARMS COMPANY, INC., Petitioner, for a Certiorari Order against PETER G. TEN EYCK, as Commissioner of Agriculture and Markets of the State of New York, Respondent.— This is a certiorari proceeding to review a determination of the Commissioner of Agriculture and Markets denying petitioner's application for removal of the following limitation incorporated in its milk dealer's license which expired on March 31, 1937: " Limited to the sale of milk in those cities, villages and communities only wherein the licensee has sold milk continuously since March 30, 1934, and also in such cities, villages and com-

munities as thereafter have been authorized or shall hereafter be authorized in writing by the Commissioner, for the extension of the business existing on March 30, 1934." On April 15, 1936, respondent issued to petitioner a milk dealer's license for the period commencing April 1, 1936, and ending March 31, 1937. That license contains the quoted limitation and also the following: " The licensee is permitted to deal in, handle, distribute or sell in accordance with the intent indicated in the licensee's application, milk or cream or both in the place or places specifically named therein and in no other place or places." The petitioner accepted the license and retained it without objection until October 20, 1936, when it presented a written application for removal of the restriction. After a hearing the application was denied and that order is the subject of this review. In its application petitioner was required to answer question 10, which reads as follows: " 10. Give below the name of each city and village wherein you sell milk and wherein you hold an unrevoked Health Permit. Dealers operating in N. Y. City should give Borough or Section in which they operate. (Attach additional paper if necessary.)" It made the following answer: " City or Village, Metropolitan New York, Northern New Jersey, Monmouth Co. N. J. Length of Time Selling, Years, Months.... Since 1903." Petitioner desired removal of the limitation contained in its license in order that it might sell its product in the village of Suffern. It did not specify in its application for a license that it desired to distribute milk in that village. Petitioner made no application for an unlimited license and having failed to specify that it intended or desired to distribute milk in the village of Suffern it was not entitled to the removal of the limitation. (*Matter of Crowley's Milk Co.* v. *Ten Eyck*, 270 N. Y. 328.) By accepting the license which respondent issued to it and without any protest on its part against the limitation contained therein until October 20, 1936, petitioner is estopped to now question its provisions. Determination unanimously confirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.