JOHN F. KIRN, Plaintiff, *v.* HOLTON V. NOYES, Commissioner of Agriculture and Markets of the State of New York, Defendant.

Supreme Court, Ulster County, June 18, 1941.

*Henry S. Manley*, for the plaintiff.

*Milo R. Kniffen, Counsel to the Department of Agriculture and Markets* [*Robert G. Blabey* of counsel], for the defendant.

RUSSELL, J. Upon the return of a notice of motion the defendant Commissioner has moved this court for an order dismissing the complaint in the above-entitled action on the ground (1) that it fails to state a good and sufficient cause of action and, in the alternative, (2) if a good and sufficient cause of action be alleged, the action cannot be maintained as a matter of law upon the grounds more fully set forth by the second and third defenses of the answer herein, and for such other and further relief as may appear proper and necessary.

This action involves the limits of the district in which the plaintiff is authorized to sell or distribute milk pursuant to his license. The main contention arises not only over the wording of the license but the interpretation given to Order No. 124 (N. Y. State Bulletin, March 15, 1938, p. 5) which became effective April 1, 1938. The first paragraph of the order is as follows: " For the purposes of this order, every city and every incorporated village of this State having a population of 1,000 or more, together with all those areas within a radius of three miles from the outer cor-

porate limits of each such city and incorporated village, and where the population within a radius of $3\frac{1}{2}$ miles from the business center of any unincorporated village is 1,000 or more, all that area within such radius of such unincorporated village, and also the entire Counties of Westchester and Nassau, are hereby designated as marketing areas."

The license states that the plaintiff is licensed " in accordance with the intent indicated in the licensee's application, (to sell) milk or cream, or both, in the places specifically named therein, and in no other place or places, and then only on the route or number of routes of the character (wholesale or retail) indicated therein."

The complaint alleges that the license, therefore, does not specify that the territory is " limited to a particular city or village or to a particular market or markets," under the provisions of section 258 of the Agriculture and Markets Law. In substance, the plaintiff contends that he is not confined to the village of Port Ewen but has the right to sell and distribute milk in that part of the city of Kingston which is embraced within the three-mile limitation from the village of Port Ewen.

On January 11, 1941, the plaintiff in writing requested an extension of his milk dealer's license permitting him to deliver milk in the city of Kingston, N. Y. On the 20th of January, 1941, the Commissioner by formal notice directed the plaintiff to show cause why an extension of his milk dealer's license should be granted in order to permit him to make sales and deliveries in the city of Kingston. On February 10, 1941, a formal hearing on the question of the extension in accordance with the notice was held at the office of the Commissioner. At the opening of the hearing on February 10, 1941, the plaintiff withdrew his application for the extension and confirmed his withdrawal in writing. Upon said withdrawal the plaintiff instituted the above-entitled action and came into court for the relief demanded.

The question now arises as to whether or not the plaintiff may invoke such an action before he has exhausted the remedy awarded him under the statute (Agriculture and Markets Law, art. 21). It seems clear to me that such an action instituted before a determination had been made by the Commissioner would strip a department of the State of a jurisdiction delegated to it by the Legislature. The legal course open for relief does not seriously impair the individual freedom of the plaintiff because the statute clearly outlines not only his rights before the Commissioner, but on appeal from any determination of the Commissioner. Having accepted the license, he should apply to the Commissioner, pro-

vided he desires relief. (*Matter of Sheffield Farms Co., Inc.,* v. *Ten Eyck,* 252 App. Div. 825.)

The extension of the plaintiff's license has not been refused and it may not be refused after a hearing. It would be unwise for the court to prejudge the determination of the Commissioner. He has been clothed and empowered by statute to investigate and determine all such matters within his jurisdiction. The courts are reluctant to interfere with administrative functions. Such interference would be destructive of the beneficial and expeditious regulations of State departments.

The action, therefore, in my opinion is premature. (*Lang's Creamery, Inc.,* v. *City of Niagara Falls,* 251 N. Y. 343.) With this view of the motion it is unnecessary to decide the other questions raised.

I am, therefore, of the opinion that the plaintiff should complete his hearing before the Commissioner and if the determination of the Commissioner is adverse, his remedy is pursuant to article 78 of the Civil Practice Act.

Judgment dismissing the complaint is, therefore, granted.

Submit order.