In the Matter of CONSUMER-FARMER COOPERATIVE, INC., Petitioner, against C. CHESTER DU MOND, as Commissioner of Agriculture and Markets of the State of New York, Respondent.— This is a proceeding to review a determination made by respondent, commissioner, which denied petitioner's application for a renewal of its milk dealer's license for the year ending March 31, 1954, provided that if the petitioner immediately discontinued the sale and delivery of milk to apartments and residences and similar deliveries, then, in that event, the order of denial might be suspended. Originally, in 1948, petitioner obtained a license to sell milk at wholesale only in Manhattan, Brooklyn, Bronx and Queens. The wholesale license was thereafter extended to permit the sale of milk "directly to consumer groups at housing developments and other similar 'stands' in the area". The real crux of this controversy is that the department contends that both parties understood that this wholesale license, with the extension, permitted the sale of milk at housing developments only to those customers who called for it at a truck or at a central point where quantities of cases of milk were available, but did not permit retail deliveries to the doors of apartments within the development. Petitioner claims that the license permitted such retail deliveries; that there is no definition of· "stands" in the statutes involved, and that the commissioner is without legal authority to impose the condition or limitation attached to the license. After a hearing the commissioner found that petitioner had been making and continued to make retail deliveries to individual apartments; that such deliveries were unauthorized, and refused to renew the license unless the practice stopped. There is a price differential between the two methods of delivery. The wording of the "extension" of the wholesale license and the limitation in the wholesale license for 1952–53 is clear. The meaning does not depend upon the use of the word

" stands " or " depots " because it is clear from the language and from correspondence between the parties that both parties contemplated a system of deliveries at housing projects whereby a truckload or more of milk was delivered to a central point at the project and the customer called for the milk, and did not contemplate retail deliveries to individual customers. The Agriculture and Markets Law gives the commissioner the power generally to supervise and regulate the entire milk industry in New York State. Section 258 provides in part that he may classify licenses and issue licenses to dealers " to carry on a certain kind of business only, or limited to a particular city or village or to a particular market or markets ". Section 258-c states that he may renew a license " conditionally, or upon the agreement of the licensee or applicant to do or omit to do any definite act, but such condition and/or agreement must have some appropriate relation to the administration of this article." We think the commissioner had the power to impose the limitation and to make the order. Moreover, petitioner has merely disobeyed the provisions of licenses which it accepted and incorrectly interpreted. It is estopped from challenging the power of the commissioner to limit the license. (*Matter of Crowley's Milk Co.* v. *Ten Eyck*, 270 N. Y. 328.) Determination unanimously confirmed, with $50 costs. Present — Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ. [See 285 App. Div. 844.]