STANDARD OIL COMPANY OF NEW YORK, INC., Plaintiff, *v.* FRANK
L. MORRIS, as Superintendent of the Division of Standards and
Purchase of the State of New York, and Others, Defendants.

Supreme Court, Albany County, May 1, 1934.

*Bender, Ford, Benson & Comstock,* for the plaintiff.

*John J. Bennett, Jr., Attorney-General [Joseph M. Mesnig* of
counsel], for the defendants.

SCHENCK, J.   Plaintiff moves for a temporary injunction restrain-
ing the defendants from awarding any bid upon the items known
as contract No. 9, group 1300, for road material, during the
pendency of this action in which it demands judgment that the
proposal and specifications in so far as the same relate to 160,000
gallons of bituminous material be declared erroneous, illegal and
void, not being designed to determine the lowest bidder, and that
no award of a contract therefor be made.

The Division of Standards and Purchase of the State heretofore
prepared specifications and proposal for bituminous material for
road repair work to be let under contract upon competitive bidding,
including 160,000 gallons to be furnished in district No. 1, com-
prising several upstate counties.   The proposal and specifications
required bids for delivery of such material in car lots and in less
than car lots.   One column of the proposal called for price per
gallon in car lots, and the second column, price per gallon in less
than car lots.   For car lots the plaintiff's bid was $.1138 per gallon,
which was less than the bid of the Texas Company of $.1146, but
for less than car lots the Texas Company bid was $.005 above
car lots, while the plaintiff's bid was $.1413, or $.0275 above the
price in car lots.   The Texas Company was declared to be the

low bidder and in arriving at the lowest bid the Division of Standards and Purchase adopted a formula whereby it estimated that ninety-five per cent of the material would be required in car lots and five per cent would be required in less than car lots. This percentage allocation was applied to the approximate quantities set forth in the contract and a tentative award was made under contract No. 9 to the Texas Company. Obviously, if the Texas Company had been the low bidder on car lots and also on less than car lots, it would necessarily have been the lowest bidder under the contract and an award of the bid to it would have been in compliance with the statute.* Here, however, the lowest bidder under the specifications could not be ascertained and the arbitrary determination reached, based on a percentage of quantities required in car lots and in less than car lots, is not such a compliance. The low bidder must necessarily be found from a proposal based on the specifications, and nowhere in the specifications may be found any reference to the employment of any formula as a means of determining the percentage of approximate car lot requirements or less than car lot requirements. From the bids submitted it would appear that had the Division of Standards and Purchase adopted three per cent instead of five per cent as the percentage for less than car lot requirements, the bid of plaintiff would have been lower than that of the Texas Company. Under the specifications it would appear that it is quite impossible to determine the lowest bidder and, unless the lowest bid can be determined on the specifications, no contract may be awarded.

Motion for a temporary injunction will be granted and order may be entered accordingly, with ten dollars costs.

---

* See State Finance Law, § 120.