AMERICAN LUMBERMENS MUTUAL CASUALTY COMPANY OF ILLINOIS, Appellant, *v.* IRENE E. COCHRANE, also Known as IRENE E. COCHRANE SANDERSON, Respondent.

CALLAHAN, J. (dissenting). This appeal involves a question of the Statute of Limitations to be applied in an action brought by a foreign insurance company licensed to do business in this State and having its principal office here.

The action is upon an indemnity agreement delivered to plaintiff by defendant in Maryland in connection with a fidelity bond likewise issued in that State. The defendant continued to live in Maryland for most of a year after making the contract. She then married and removed to New York, and has lived here continuously since. Plaintiff brought this action more than three years, but less than six years after accrual of the cause of action alleged in the complaint.

Sections 13 and 55 of the New York Civil Practice Act, read together, would make the three-year Maryland statute applicable, unless plaintiff corporation is to be deemed a "resident" of New York within the meaning of that term as used in section 13.

Generally, corporations are considered "residents" of the State of their origin, but at times and for certain purposes we deem them to be resident where they are doing business or have their principal office. When a foreign insurance company, like the plaintiff, obtains the right to do business here, it secures a license, pays the required fees, and provides for the service of process upon it with the same effect as if it were a domestic corporation (Insurance Law, §§ 40, 42, 59). In such circumstances, it may not be deemed absent from the State so as to toll a contractual limitation of time to sue. For such purpose it is regarded as domiciled in the foreign State where it is permitted to do business, and thus it is treated as a domestic corporation (*Comey v. United Sur. Co.*, 217 N. Y. 268, and cases cited). Again, where absence from the State is the test under our tolling statute (Civ. Prac. Act, § 19), our highest court has held that a foreign corporation doing business here under a license and maintaining a regular office in New York is to be treated as here all the time, as if it were a domestic corporation (*McConnell v. Caribbean Petroleum Co.*, 278 N. Y. 189). There the court went so far as to say (p. 195): "For the purposes of the Statute of Limitations this defendant is not a non-resident."

For other purposes, also, this court has said that foreign corporations licensed and doing business in New York are to be deemed citizens of this State within the contemplation of law (*Webster v. Columbian Nat. Life Ins. Co.*, 131 App. Div. 837, affd. 196 N. Y. 523; *Gaunt v. Nemours Trading Corp.*, 194 App. Div. 668). Other departments have treated foreign corporations qualified and doing business in New York as if they were domestic corporations, and have referred to them as resident here (*Standard Mar. Ins. Co. v. Verity*, 243 App. Div. 639; *Matter of Dictaphone Corp. v. O'Leary*, 262 App. Div. 359, revd. on other grounds, 287 N. Y. 491).

While the case seems to be one of first impression, there would appear to be adequate reason upon analogy and principle for construing section 13 so that plaintiff be deemed a "resident" within its terms.

There is a second question in the case involving a determination of the law of Maryland with respect to the tolling of its three-year Statute of Limitations by defendant's absence from that State. As was stated, defendant has lived continuously in New York since about one year after giving the indemnity agreement in suit.

There was testimony offered by defendant as to the Maryland law, her witness stating, in effect, that her absence from Maryland did not toll the Statute of Limitations once it started to run, because her removal was open and notorious, and not to avoid creditors. She made no effort to prove any arrangement to pay her creditors. Cases were cited for the purpose of supporting defendant's claim as to the foreign law. These cases do not seem to me to establish the Maryland law to be that continuous or permanent absence from the State of Maryland will not toll the statute merely because a debtor did not conceal his whereabouts. The Maryland Statute of Limitations and the tolling statute are found in sections 1 and 4 of article 57 of the Maryland Code Annotated. The tolling statute (§ 4) provides: "No person absenting himself from this State or that shall remove from county to county after any debt contracted whereby the creditor may be at an uncertainty of finding out such person or his effects shall have any benefit of any limitation herein contained, but nothing contained

in this section shall debar any person from removing himself or family from one county to another for his convenience, or shall deprive any person leaving this State for the time herein limited of the benefit thereof, he leaving effects sufficient and known for the payment of his just debts in the hands of some person who will assume the payment thereof to his creditors."

I think that this statute intends to toll the period of limitation as to one who has continuously absented himself from the State of Maryland from a date after a cause of action accrues, without provision for his creditors. The cases cited by defendant's witness are distinguishable on their facts. No Maryland case brought to our attention has held on a state of facts like the present that the Statute of Limitations once started would continue to run. The tolling statute appears to provide differently, at least where there is continuous absence from the State.

Accordingly, as I deem that the New York law applies because plaintiff is a "resident", and because I believe that the Maryland three-year statute was tolled, I vote to reverse the judgment appealed from and grant judgment in favor of plaintiff.

Peck, P. J., Cohn and Bastow, JJ., concur in decision; Callahan, J., dissents and votes to reverse and grant judgment in favor of plaintiff, in which Dore, J., concurs.

Judgment affirmed, with costs.