Simon V. HABERMAN, Plaintiff,

v.

John E. TOBIN, Fred M. Kirby, Allan P. Kirby, Jr., each in their own capacity as directors of Alleghany Corporation and as attorney for and guardians of the property of Allan P. Kirby, Sr., John J. Burns, Jr., Ralph K. Gottshall, Richard R. Hough, William G. Rabe, Clifford H. Ramsdell and Carlos J. Routh as directors of Alleghany Corporation, and Alleghany Corporation, Defendants.

No. 74 Civ. 5470.

United States District Court,
S. D. New York.

March 10, 1979.

Greenfield, Lipsky & Bress, New York City, for plaintiff by Thomas Bress, New York City, of counsel.

Debevoise, Plimpton, Lyons & Gates, New York City, for defendants Fred M. Kirby, Allan P. Kirby, Jr., John E. Tobin and John J. Burns, Jr. by Robert J. Geniesse, New York City, of counsel.

Cahill, Gordon & Reindel, New York City, for defendant Alleghany Corp. by William E. Hegarty, H. Rich Schumacher, John A. Shutkin, New York City, of counsel.

## OPINION

SWEET, District Judge.

This action was begun by Randolph Phillips against certain directors of the Alleghany Corporation and the Corporation itself on December 30, 1974. The facts which gave rise to the action are described in *Phillips v. Tobin*, 403 F.Supp. 89 (S.D.N.Y. 1975) and will not be repeated here. In *Phillips*, the Honorable Robert J. Ward dismissed Counts 2, 4, 5 and 6 of Phillips' amended complaint, and portions of Counts 1 and 7.[1] On appeal, the Court of Appeals for the Second Circuit held that, because the only claims remaining were derivative,

---

1. The claims which have survived Judge Ward's opinion and are now before this court are based primarily on alleged violations of Rule 10b–5 and Section 14(a).

Phillips was not an appropriate representative of the Corporation to prosecute its suit. *Phillips v. Tobin*, 548 F.2d 408 (2d Cir. 1976), *cert. denied*, 434 U.S. 809, 98 S.Ct. 42, 54 L.Ed.2d 67. Simon V. Haberman, a shareholder of Alleghany, has retained counsel and has been substituted for Mr. Phillips in this action.

The individual defendants now move for summary judgment on the ground that the action is barred by the applicable statute of limitations. Defendant Alleghany moves to disqualify Mr. Haberman on the ground that he does not meet the standards required by the Court of Appeals in *Phillips*. Both motions are denied.

*The Summary Judgment Motion*

In *Phillips*, Judge Ward found that plaintiff's Rule 10b–5 and Section 14(a) causes of action (Counts I and III) arose in 1970 and were not time barred. 403 F.Supp. at 94. Defendants, however, contend that Judge Ward did not consider the argument they now make: to wit, that the applicable limitation is three years, because the Maryland "blue sky" statute of limitations applies.

■ Because there is no express statute of limitations governing claims under Section 14(a) or Section 10(b) of the Securities Exchange Act, this court must apply the applicable statute of limitations of New York, *Cope v. Anderson*, 331 U.S. 461, 464–7, 67 S.Ct. 1340, 91 L.Ed.2d 1602 (1947)[2] along with New York's borrowing statute, N.Y. # CPLR § 202. *Id; Sack v. Low*, 478 F.2d 360 (2d Cir. 1973); *Arneil v. Ramsey*, 550 F.2d 774, 779–80 (2d Cir. 1977). That statute provides:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time

limited by the laws of the state shall apply.

For purpose of New York's borrowing statute, Alleghany is a non-resident of New York. *See American Lumbermens Mut. Cas. Co. v. Cochrane*, 129 N.Y.S.2d 489, *aff'd*, 284 App.Div. 884, 134 N.Y.S.2d 473, *aff'd* 309 N.Y. 1017, 133 N.E.2d 461.

■ The disposition of the motion therefore turns on the determination as to the place where the cause of action accrued. Because that state is determined to be New York, the motion must be denied. There have been differing decisions on which test to apply to determine the place of accrual of an action for the purposes of the New York borrowing statute. *See* CPLR § 202, *Supplementary Practice Commentaries*, C202:3, 1974, 1976, 1978 (McKinney's).

The Honorable Thomas P. Griesa in *Bache Halsey Stuart, Inc. v. Namm*, 446 F.Supp. 692 (S.D.N.Y.1978) and Judge Ward in *Natural Resources Corp. v. Royal Resources Corp.*, 427 F.Supp. 880 (S.D.N.Y. 1977) reviewed the applicable New York and federal cases, and arrived at different conclusions.

In *Natural Resources Corp.* Judge Ward reasoned that *Martin v. Julius Dierck Equip. Co.*, 52 A.D.2d 463, 384 N.Y.S.2d 479 (Second Department 1976) revealed a change in New York's test for purposes of the borrowing statute. The traditional test, noted Judge Ward, is the "place of injury test"—i. e. the cause of action is deemed to have accrued where the plaintiff was injured. *See Sack v. Low*, 478 F.2d 360, 365 (2d Cir. 1973). In *Martin*, however, the Appellate Division applied a different test. Under the latter test a court determines where a cause of action accrued by posing the following question: "[W]hat [is] the essence of the action . . . and which jurisdiction has the most significant contacts with the issues before the court[?]" (citations omitted). *Natural Resources, supra* at 884.

2. New York law also applies to Count VII of the amended complaint, which asserts a pendent state law claim for breach of fiduciary duty. Judge Ward declined to dismiss Count VII to the extent that it covers the surviving portion of plaintiffs' federal claims regarding the Jones transaction. *See* 403 F.Supp. at 95.

Judge Griesa, on the other hand, noted in *Bache* that *Martin* was affirmed by the New York Court of Appeals (at 43 N.Y.2d 583, 403 N.Y.S.2d 185, 374 N.E.2d 97 (1978)) on grounds other than the appropriateness of the *Babcock v. Jackson*, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963) test. Moreover, noted Judge Griesa, the Second Circuit had failed to adopt the Appellate Division's "most significant contracts" approach in *Arneil v. Ramsey*, 550 F.2d 774 (2d Cir. 1977) (decided before the New York Court of Appeals affirmed *Martin*).[3] Judge Griesa therefore concluded that *Martin's* use of the "most significant contacts" test did not supplant the older "place of injury"[4] standard. *See Sack v. Low, supra.*

For the reasons stated in this opinion, this court is not required to make a final determination on the issue of which test to apply. But, candor compels the court to admit the reasoning of *Babcock* is compelling.

If application of a mechanical rule is to be avoided, the law of the jurisdiction with the dominant interest in resolution of the underlying issue should prevail. *See Babcock supra* at 481–2, 240 N.Y.S.2d 743, 191 N.E.2d 279. Such reasoning underlay the Appellate Division's analysis in *Martin*, which was not disturbed by New York's Court of Appeals, and Judge Ward's analysis in *Natural Resources*. Application of the "most significant contacts" test, therefore, is the trend in New York, and this court is persuaded that New York's courts would apply it to the New York borrowing statute on these facts. *See* CPLR § 202, *Supplementary Practice Commentaries*, C 202:3, *supra.*

Turning then to the facts here, Alleghany is incorporated in Maryland, its principal place of business is New York, and Alleghany's shares are traded on the New York Stock Exchange. The proxy statements alleged to be false and misleading were mailed from Alleghany's New York offices. New York was where the tender offer by Alleghany took place, and New York was where the offer was accepted. This court therefore finds that New York has the most significant contacts with the issue at bar, that plaintiff's cause of action arose in New York, and that New York's statute of limitations should apply.

The court need not, however, base its decision exclusively on the "most significant contacts" test because application of the more traditional "place of injury" test would yield the same result. In *Korn v. Merrill*, 403 F.Supp. 377 (S.D.N.Y.1975), the Honorable Robert L. Carter was faced with an analogous problem and held that the cause of action accrued in the state where the corporation's principal place of business was located rather than in the state where the corporation was incorporated: "Since [the corporation] has its principal place of business in California, and since its economic loss, if any would be focused there, we hold that for purposes of C.P.L.R. § 202 the plaintiff's cause of action accrued in California." *Korn*, 403 F.Supp. at 385–86 (footnote omitted). Here also the remaining claims alleged against the individual defendants accrued in New York, Alleghany's principal place of business.[5]

Defendant's motion for summary judgment is denied.

*Motion to Disqualify Derivative Plaintiff*

 Defendant Alleghany moves to disqualify Haberman as a derivative plain-

---

**3.** Judge Griesa acknowledged there was no indication that the Second Circuit considered *Martin* in its deliberations in *Arneil*. *Bache Halsey Stuart, supra* at 986.

**4.** As Judge Griesa pointed out, the "place of injury" test derives from the old principle: *lex loci delicti.*

**5.** In *Bache*, Judge Griesa correctly noted that even under the older "place of injury" rule, place of residence would not always be deter-

minative: "[B]oth *Sack* . . . 478 F.2d at 367–68, and *Arneil* . . . 550 F.2d at 780, note that there might be circumstances under which the place of injury under the traditional rule would not be the place of principal residence of the injured party . . ." 446 F.Supp. at 697. A situation like the present one, involving not an individual, but a corporation whose principal place of business is in a state other than the state of incorporation, is a likely candidate to fit within the exception.

tiff,[6] primarily on the grounds that Haberman (1) is ignorant of the facts and issues of the action; (2) is disinterested in the action's outcome; and (3) is "a mere 'front' for Mr. Phillips." The court is unpersuaded by these arguments and therefore declines to disqualify Haberman. At his deposition Mr. Haberman indicated a basic familiarity with the nature of this action.[7] That he is not a major shareholder of Alleghany does not bar him from acting as derivative plaintiff.[8] Although Mr. Haberman's deposition indicates that he might "lose interest" or "reassess" his position in the litigation if his expenses of prosecution were to exceed $5,000,[9] at least at this stage the court finds that is an insufficient ground upon which to disqualify him. The court also notes that thus far there has been insufficient evidence that Haberman is under the control of Randolph Phillips, and that appropriate steps to circumscribe the impact of Mr. Phillips on this case can be taken when appropriate.

 In light of the indication by Haberman that he may not be committed to

this action if his expenses exceed $5,000,[10] however, there is room for concern about Haberman's willingness to bear costs that may be taxed against him in this action. *See generally Leslie One-Stop in Pennsylvania, Inc. v. Audiofidelity, Inc.,* 33 F.R.D. 16 (S.D.N.Y.1963). Because of the magnitude of this case, the court concludes that a bond in the amount of $100,000 is in order,[11] and that any further proceedings in this action must be stayed pending deposit of this security.[12] Unless the requirement of posting security is waived by Alleghany, however, Alleghany is directed to provide plaintiff with a complete shareholders' list, for the sole purpose of enabling Haberman to join as additional plaintiffs other shareholders so as to avoid the necessity of posting security under New York law.[13] *See generally Baker v. MacFadden Publications,* 300 N.Y. 325, 330, 90 N.E.2d 876 (1950). Plaintiffs' use of such shareholders' list shall be subject to a strict requirement of good faith. *See generally Weisfeld v. Spartans Industries, Inc.,* 58 F.R.D. 570, 579 (S.D.N.Y. 1972). Any breach of that requirement

---

**6.** Defendant Alleghany's alternative motion for security, etc. will be discussed later.

**7.** Haberman stated: "Alleghany attempted to escape the jurisdiction of the SEC and come under the jurisdiction of the ICC" and indicated that the lawsuit sought "[t]o get some money for the Alleghany shareholders . . . [f]or an excessive payment for stock of the Jones Motor Company." Haberman deposition of October 19, 1978 at 52.

**8.** *See Subin v. Goldsmith,* 224 F.2d 753 (2d Cir.), *cert. denied,* 350 U.S. 883, 76 S.Ct. 136, 100 L.Ed. 779 (1955), wherein the court stated "Of course, it is irrelevant that plaintiff owns but a few shares (except upon a demand for security under the New York statute . . ." *Id.* at 761 (footnote omitted).

**9.** Haberman deposition of October 19, 1978 at 97.

**10.** Haberman deposition of October 19, 1978 at 97.

**11.** *Cf: Phillips v. Kirby,* No. 11996/76 (Sup.Ct. N.Y.Co.), a derivative action wherein the complaint was substantially similar as regards the state law claims previously dismissed by Judge Ward in this case. In *Phillips,* the Honorable Arnold G. Fraiman required plaintiff Phillips to

provide security to Alleghany in the amount of $100,000 and stayed all proceedings pending deposit of that security pursuant to New York Business Corporation Law, § 627.

**12.** The court is vested with authority to impose this requirement upon plaintiff pursuant to Rule 2 of the Civil Rules of this court, *see Leighton v. Paramount Pictures Corporation,* 340 F.2d 859, 861 (2d Cir. 1965) and pursuant to New York Business Corporation Law, § 627. This section requires the posting of security in shareholders' derivative actions when plaintiff's stockholdings consist of less than five percent of any class of outstanding voting stock or have a fair value of less than $50,000. That provision is applicable to federal diversity actions heard in New York. *See Eisenberg v. Flying Tiger Lines, Inc.,* 451 F.2d 267 (2d Cir. 1967). Security is appropriate to the extent necessary for expenses incurred in defending state claims even if federal claims are also asserted. *Entel v. Allen,* 270 F.Supp. 60 (S.D. N.Y.1967).

**13.** If the requirements of the New York statute are thus satisfied, this court will not require the posting of security under either the New York Business Corporation Law or Rule 2 of the Civil Rules of this court.

shall constitute a ground for the court to modify this order.

The motion for summary judgment is denied. The motion to disqualify the plaintiff and for all other relief is granted in part and denied in part. With respect to the latter motion, defendant Alleghany shall submit to the clerk of this court within one week hereof an order, on notice.

IT IS SO ORDERED.