OPINION OF THE COURT
Martin B. Stecher, J.
The defendant is a partnership and moves to change venue in this personal injury action from New York County to Queens County where the plaintiff resides and the accident is alleged to have taken place. The original motion was made pursuant to CPLR 511 and is based on the allegation that New York County is not a proper county for venue in that none of the parties “resides” in New York County. The application is not made under any theory of substantial justice or convenience (CPLR 510 [3]).
CPLR 503 (d) provides in pertinent part that “[a] partnership * * * shall be deemed a resident of any county in which it has its principal office, as well as the county in which the partner * * * suing or being sued actually resides.” No reported case has been cited by either side relative to venue in an action against a partnership only nor have I been able to discover any which has been decided since the adoption of the CPLR. One text writer (2 Weinstein-Korn-Miller, NY Civ Prac 11503.11) states that “[vjenue is proper if laid in the county where any one of the partners resides” (cf. Siegel, NY Prac § 119), but that conclusion appears to be at variance with the statute which permits venue at the residence of any partner only where that partner is himself a plaintiff or a defendant.
An action against a partnership (CPLR 1025) is not an action against the partners. Although service on any partner, whether named as a party or not gives the court jurisdiction over the partnership (CPLR 310), no partner’s personal estate will be *111 bound by the judgment unless he is named as a party and personally served (Levin v Total Hockey Assoc., 64 AD2d 622). Where no partner is “suing or being sued” a partner’s residence cannot be a predicate for venue.
No individual partner has been named as a party defendant in this case and, therefore, under the statute (CPLR 503 [d]) venue is proper either at the plaintiff’s residence, Queens County, or where the defendant partnership “has its principal office”.
Plaintiff’s attorney points out that the only filed document which he could locate which demonstrates the partnership’s “principal office,” is the deed by which the defendant acquired title to the Queens realty where the accident occurred, and that identifies the office as 424 Madison Avenue, New York City. He does not tell us the date of the deed.
Richard Goldberg, one of the defendant partnership’s partners, in his affidavit, says that “in October of 1971, Fanwood Estates moved its offices and principal place of business from 424 Madison Avenue to 98 Cuttermill Road, Great Neck, Nassau County, New York” where it remained “until February, 1981, when the sole and principal place of business was moved to its present address * * * 111 Great Neck Road, Great Neck, Nassau County, New York.”
The defendant has sustained its burden of proof on this motion (Edwards v Lamberta, 42 AD2d 1003) and the motion is granted.