OPINION OF THE COURT
Martin B. Stecher, J.
Motions 15 and 16 of the calendar of February 23, 1988 are consolidated for disposition.
They present the simple, but, according to the attorneys, previously undetermined issue of what is a limited partnership’s "principal office” (CPLR 503 [d]). '
This is an action brought in Orange . County for the refund of a "good faith” deposit made by a prospective borrower, the plaintiff, from a prospective lender, the corporate defendant. *272 The plaintiff, exercising its initial option to select the county of venue, chose Orange County. The defendants, contending that none of the parties is a resident of Orange County (CPLR 510 [1]), move to change venue to New York County where the defendants and, they contend, the plaintiff as well, "reside”.
CPLR 503 (d) provides that "[a] partnership * * * shall be deemed a resident of any county in which it has its principal office, as well as the county in which the partner * * * suing or being sued actually resides.” I have heretofore had occasion to address the circumstances in which a partner’s residence creates a venue for the partnership (Bensaull v Fanwood Estates, 128 Misc 2d 110) but no partner of the limited partnership is a party to this action and therefore the court’s inquiry is, what is meant by the phrase "principal office”.
The limited partnership’s "amended and restated limited partnership agreement”, dated February 8, 1985, provides that plaintiff’s "principal office * * * shall be at Mid-Valley Mall, North Plank Road, Newburgh, New York.” The amendment of the certificated limited partnership, bearing the same date and filed in the New York County Clerk’s office has a similar provision. Defendants do not contest the fact of these filings but endeavor to show that most, if not all, of plaintiff’s business is conducted from its office in New York County.
I am of the opinion that the Legislature did not intend to ascribe different meanings to the phrase "principal office” in subdivisions (c) and (d) of CPLR 503. CPLR 503 (c) provides that "[a] domestic corporation * * * shall be deemed a resident of the county in which its principal office is located”. .CPLR 503 (d) provides that "[a] partnership * * * shall be deemed a resident of any county in which it has its principal office”.
The law is well established that the sole legal residence of a corporation for venue purposes is the county designated in its certificate of incorporation (Papadakis v Command Bus Co., 91 AD2d 657, 658; see also, Bailey v New York Racing Assn., 90 AD2d 710). Such a rule creates certainty as to venue and relieves litigants and the courts of the burden of examining into the entirety of every litigating corporation’s business, in order to determine venue, when the litigation hasn’t even proceeded beyond the joinder of issue (CPLR 511 [a]).
Such a salutary rule and the logic of its reasoning applies to *273 partnerships as well whenever the partnership, as a matter of law, is required to file a certificate setting forth its principal office (see, e.g., Partnership Law §§ 81, 91). The principal place of business designated in the certificate of limited partnership is in Orange County.
The motions for change of venue are denied.