McMAHAN & COMPANY, a New York
Limited Partnership, Plaintiff,

v.

DONALDSON, LUFKIN & JENRETTE
SECURITIES CORPORATION,
Defendant.

No. 89 Civ. 0782 (MBM).

United States District Court,
S.D. New York.

Dec. 26, 1989.

William Klein II, P.C., David S. Smith and John P. Bevilacqua, Tenzer, Greenblatt, Fallon & Kaplan, New York City, for plaintiff.

Frank S. Moseley and James D. Herbert, Davis Polk & Wardwell, New York City, for defendant.

## ORDER ON MOTION FOR REARGUMENT

MUKASEY, District Judge.

Plaintiff has moved for reargument pursuant to Fed.R.Civ.P. 56 and Rule 3(j) of this Court's Civil Rules. That motion is denied.

■ Motions for reargument "are granted when new facts come to light or when it appears that controlling precedents were overlooked." *Weissman v. Fruchtman,* 658 F.Supp. 547 (S.D.N.Y.1987). The proponent of such a motion is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule 3(j) to advance new facts and theories in response to the court's rulings. The purpose of the rule is "to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Lewis v. New York Telephone,* No. 83 Civ. 7129, slip op. at 2, 1986 WL 1441 (S.D.N.Y.1986) cited in *Carolco Pictures Inc. v. Sirota,* 700 F.Supp. 169 (S.D.N.Y.1988). Plaintiff's motion for reargument appears to be more an

attempt to plug gaps than to bring to the court's attention "controlling precedents [which] were overlooked."

 In its original brief, plaintiff argued that "the *only* fact relevant to th[e] motion" is that a "partnership has no residency distinct from that of its general partners," but plaintiff now argues that the court failed to consider the plaintiff's "vitally significant connection to New York as a creature of New York partnership law." Plaintiff did not argue the relevance of its status as a "creature of New York ... law" in its original motion; to do so now is improper.

 Even if plaintiff had raised this issue in its original motion, the court would not have found that incorporation in New York yielded New York residence. When no individual partner is suing or being sued, a partnership's "sole legal residence" under New York law is where it maintains its principal place of business. *Mid Valley Discount Mall Assocs. v. Credit Alliance Corp.,* 139 Misc.2d 271, 528 N.Y.S.2d 302 (Sup.Ct.1988).

The opinion analogized partnership residence to corporate residence. Contrary to plaintiff's reading of the court's initial decision, the court did not find "that partnerships and corporations must be treated alike for purposes of CPLR § 202." However, it is useful to apply the concepts of "domicile" and "residence" to the issue in this case. If plaintiff were a corporation, its domicile would be New York, because that is where it is incorporated, but its residence would be Connecticut, where it has its principal office. As *Antone v. General Motors Corp.,* 64 N.Y.2d 20, 484 N.Y.S.2d 514, 473 N.E.2d 742 (1984) held, "domicile" is not the same as "residence" for purposes of the borrowing statute.

 A corporation's principal place of business, rather than its state of incorporation, determines its residence. *Allegaert v. Warren,* 480 F.Supp. 817, 820 (S.D.N.Y. 1979). Although plaintiff cites contrary authority on this point, *American Lumbermens Mutual Casualty Co. v. Cochrane,* 129 N.Y.S.2d 489, 491 (N.Y.Sup.Ct.), *aff'd*

284 A.D. 884, 134 N.Y.S.2d 473 (First Dept., 1954), *aff'd* 309 N.Y. 1017, 133 N.E.2d 461 (1956), that holding is of questionable validity, 1 Weinstein, Korn & Miller, New York Civil Practice § 202.03 n. 35 (1989) ("After *Antone,* the existence of a principal office in New York should result in a finding of residence under CPLR § 202.")

 A principal purpose of the borrowing statute is to protect New York residents from forum shopping by foreign plaintiffs. *Allegaert,* 480 F.Supp. at 820. That purpose is best served by recognizing that while plaintiff may be a "creature of New York ... law," its residence is where it conducts its day-to-day affairs. To allow plaintiff to exploit New York's longer statute of limitations at the expense of a resident defendant would be to subvert the purpose of the borrowing statute.

SO ORDERED.