■ RICHARD WOLPO et al., Appellants, v SUNRISE MALL ASSOCIATES et al., Respondents. [607 NYS2d 949] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered July 2, 1993, granting the motion of defendants E.W. Howell Co. and Thomas J. Maher and the cross motion of defendant Sunrise Mall Associates for a change of venue from New York County to Nassau County, unanimously affirmed, without costs.

Defendants were entitled as of right to move for a change of venue from New York County, where none of the parties resided, to Nassau County, where defendant Sunrise Mall Associates (Sunrise) resided (CPLR 510 [1]). Venue initially should be placed in a county "in which one of the parties resided when [the action] was commenced" (CPLR 503 [a]). "A partnership * * * shall be deemed a resident of any county in which it has its principal office" (CPLR 503 [d]). Although the evidence is sparse, Sunrise, a partnership, has established that its "principal office" is located in Nassau County *(see, Bensaull v Fanwood Estates,* 128 Misc 2d 110). Sunrise's amended business certificate lists both a Nassau County address and a New York County address for its "conduct of business"; however, the certificate additionally states that "[t]he business conducted by Sunrise * * * is the management, operation, and ownership * * * of the Sunrise Mall Shopping Center, situate[d] at [the same Nassau County address]", which lends credence to Sunrise's argument that it principally conducts its business at that location. Moreover, plaintiffs' contention that the Manhattan location is Sunrise's principal office rests on an irrelevant criterion, namely that Sunrise is amenable to service at that office. Concur—Sullivan, J. P., Ross, Asch, Rubin and Tom, JJ.