Lyndon LAROUCHE, Jr.,
et al., Petitioner,

v.

William WEBSTER, et al., Respondent.

No. 75 Civ. 6010 (MJL).

United States District Court,
S.D. New York.

Oct. 22, 1996.

See also: —— F.R.D. ——.

Mayer Morganroth, New York City, for Plaintiffs.

Mary Jo White, U.S. Atty., Southern District of New York by Sheila M. Gowan, Assistant United States, New York City, for Defendants.

LOWE, District Judge.

Before the Court is Plaintiffs' motion to reconsider and/or to clarify issues decided by this Court's July 23, 1996 order. For the reasons stated below, Plaintiffs' motion is denied.

## BACKGROUND

This action involves claims for injunctive and declaratory relief for the FBI's allegedly unconstitutional investigation of Plaintiffs. Plaintiffs seek, *inter alia*, to enjoin: (1) the Federal Bureau of Investigation ("FBI") from any further unlawful investigation of them and (2) the release of FBI files gathered in violation of their constitutional rights ("Files Claim").

Defendants filed their motion for summary judgment on May 15, 1985. Plaintiffs responded to the motion by filing, among other submissions, a motion for a continuance pursuant to Federal Rule of Civil Procedure 56(f) ("Rule 56(f)"). Plaintiffs' motion requested leave to conduct further discovery and attached the affidavit of Edward Spannaus ("Spannaus Affidavit I"), which specified the areas into which Plaintiffs still sought inquiry. Thereafter, in 1989, Plaintiffs supplemented their Rule 56(f) motion with proposed interrogatories and document requests ("1989 Requests") and an affidavit of Edward Spannaus ("Spannaus Affidavit III").[1]

In a 1990 status conference, Magistrate Judge Grubin found most of Plaintiffs' outstanding discovery requests "irrelevant" and stated that she would only consider requests

1. The Court refers to Spannaus Affidavit I and Spannaus Affidavit II collectively as the "Rule 56(f) Affidavits."

"that might conceivably lead to evidence of something going on now." Tr. of May 1990 Colloquy at 1–2. She directed Plaintiffs to submit narrowed discovery requests addressing only allegations of recent activity. *Id.* at 33, 36. Plaintiffs submitted their revised requests on July 19, 1990. Pls.' Revised Prop. Interrog. and Doc. Reqs. ("1990 Revised Requests").[2] Thereafter, in an order dated March 19, 1991 ("March 1991 Order"), the Magistrate Judge granted those requests in part and denied the remaining requests. March 1991 Order at 1–2.

By order dated March 28, 1996, the Court found that Plaintiffs had not received adequate notice of the Magistrate Judge's denial of their Rule 56(f) motion or of their need to object thereto. Accordingly, the Court permitted Plaintiffs to file such objections, which they did on April 10, 1996. On July 23, 1996, the Court issued an extensive order ("July 1996 Order"), which, *inter alia,* (1) upheld certain discovery rulings of the Magistrate Judge under the deferential "clearly erroneous" or "contrary to law" standard and (2) set aside the portion of the March 1991 Order that denied additional discovery of "Do Not File" materials created in the past two years that contain information about Plaintiffs. On August 6, 1996, Plaintiffs moved for "reconsideration and/or clarification" of that portion of the July 1996 Order.

## DISCUSSION

### I. *Plaintiffs' Motion for Reconsideration*

#### A. *The Legal Standard for Reconsideration* [3]

■ To prevail on a motion for reconsideration, a movant must show that the court overlooked factual matters or controlling pre-

---

**2.** The Court refers to the 1989 Requests and the 1990 Revised Requests collectively as the "1989 and 1990 Discovery Requests."

**3.** The Court notes that Plaintiffs' motion for reconsideration did not refer to a specific Federal Rule of Civil Procedure. Where there is no indication which Federal Rule of Civil Procedure applies, courts have considered a motion for reconsideration to constitute either a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") or a motion for relief from a judgment or order pursuant to

cedent "that might have materially influenced its earlier decision." *Robins v. Max Mara, U.S.A., Inc.,* 923 F.Supp. 460, 473 (S.D.N.Y.1996) (citing *Morser v. AT&T Info. Sys.,* 715 F.Supp. 516, 517 (S.D.N.Y.1989)). This criteria is strictly construed against the moving party. *See Monaghan v. SZS 33 Assoc., L.P.,* 153 F.R.D. 60, 65 (S.D.N.Y. 1994); *New York News Inc. v. Newspaper and Mail Deliverers' Union of New York,* 139 F.R.D. 294, 294–95 (S.D.N.Y.1991), *aff'd,* 972 F.2d 482 (2d Cir.1992). As this Court has previously held, a motion for reconsideration is not a "forum for new theories or for 'plugging the gaps of a lost motion with additional matters.'" *CMNY Capital, L.P. v. Deloitte & Touche,* 821 F.Supp. 152, 162 (S.D.N.Y.1993) (Lowe, J.) (citing *McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 727 F.Supp. 833, 833 (S.D.N.Y.1989)). Motions for reconsideration lie within the sound discretion of the district court. *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983).

### B. *Plaintiffs' Claims for Reconsideration*

Plaintiffs essentially make three arguments in support of reconsideration: (1) the Court incorrectly found no clear error in the Magistrate Judge's decision to narrow the timeframe of the 1989 and 1990 Discovery Requests because any post–1977 investigation of Plaintiffs would not comport with the Attorney General's Guidelines ("Guidelines"). (2) the Court incorrectly found that the Rule 56(f) Affidavits do not request or detail the relevance of discovery concerning the FBI's "use" of the Anti–Defamation League ("ADL") "as a surrogate"; and (3) the Court incorrectly limited discovery of "Do Not File" materials to information created in the past two years in light of the FBI's "own

---

Federal Rule of Civil Procedure 60(b). *See Association for Retarded Citizens of Connecticut, Inc. v. Thorne,* 68 F.3d 547, 553 (2d Cir.1995). Because Plaintiffs served the motion for reconsideration within 10 days of the Court's order, the Court construes the present motion as encompassed by Rule 59(e). *See id.* ("'Motions served within 10 days of judgment ordinarily will fall under Rule 59(e), while motions served later fall under Rule 60(b).'") (quoting *Campbell v. Bartlett,* 975 F.2d 1569, 1581 n. 15 (10th Cir.1992)).

stated policy" against secret filing systems. *See* Pls.' Mot. for Reconsideration and/or Clarification ("Pls.' Mot.") at 2–4.

### 1. Court's Decision to Uphold the Narrowed Timeframe of the 1989 and 1990 Discovery Requests

 Plaintiffs "differ" with the Court's decision to uphold the modified timeframe of the 1989 and 1990 Discovery Requests because, they argue, "if [the post–1977 investigation of Plaintiffs] no longer fell under the Attorney General's Guidelines, then there is a likelihood that any information in the FBI files ... was gathered in violation of [their] First and Fourth Amendment rights." *See* Pls.' Mot. at 2. Plaintiffs never argued this point in their original motion. This new assertion, therefore, does not provide a basis for reconsideration.[4] *See, e.g., McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Co.,* 727 F.Supp. 833, 834 (S.D.N.Y.1989) (denying reargument on issue not previously raised by movant in original motion because motion cannot "plug gaps" with additional matters).[5]

### 2. Court's Refusal to Grant Discovery on FBI's Alleged "Use" of ADL as a "Surrogate"

 Plaintiffs also seek reconsideration of the portion of the Court's October 1996 Order that found that the Rule 56(f) Affidavits "neither request nor detail the relevance" of Interrogatories 22 and 25, which concerned the FBI's use of the ADL as a "surrogate," to Defendants' summary judgment motion. See October 1996 Order at 5 n. 6. Plaintiffs contend that: "Spannaus Affidavit I, ¶ 4, notes that [the FBI's 'use' of the ADL as a 'surrogate'] was one of the outstanding dis-

covery matters at the time of defendants' motion for summary judgment." Pls.' Mot. at 3. Plaintiffs mischaracterize the record: neither paragraph 4 of Spannaus Affidavit I nor any portion of the Rule 56(f) Affidavits request such information. *See generally* Spannaus Aff. I; Spannaus Aff. II. Plaintiffs therefore have not pointed to any fact "overlooked" by the Court, but instead object to the Court's analysis. Such objection is insufficient. *See, e.g., In re Houbigant Inc.,* 914 F.Supp. 997, 1001 (S.D.N.Y.1996) (motion for reargument "is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved.").

### 3. Court's Grant of Discovery of "Do Not File" Materials Created in Past Two Years

Plaintiffs insist that the October 1996 Order's grant of limited discovery of "Do Not File" materials constitutes grounds for reconsideration. The Court should not have restricted discovery of "Do Not File" materials to the past two years, argue Plaintiffs, because:

[i]f such records were being maintained by the FBI, in violation of its own stated policy at any time since the early 1970s, this would raise an issue of the illegality and/or unconstitutionality of the maintenance of such records.

*See* Pls.' Mot. at 4. Once again, Plaintiffs assert an argument not previously raised in its original motion.[6] Thus, reargument is inappropriate on this ground.[7]

4. Plaintiffs also suggest that the FBI's violation of the Guidelines entitles them to discovery of "almost any information gathered by the FBI in the post–1977 period, exclusive of the criminal investigation." Pls.' Mot. at 3. As held above, Plaintiffs never raised this argument in the underlying motion and, therefore, reconsideration on this ground is inappropriate.

5. Even if Plaintiffs had presented this argument in the underlying motion, the FBI's alleged violation of the Guidelines would not have "materially influenced [the Court's] earlier decision." The mere fact of an FBI investigation of Plaintiffs, which fell outside the Guidelines, does *not* sug-

gest that the FBI violated Plaintiffs' First and Fourth Amendment rights (*e.g.,* breaking and entering, surreptitious wiretaps, etc.).

6. In any event, Plaintiffs' argument lacks merit, as the *legality* of the FBI's secret filing system bears no relevance to any issue in this case.

7. Although Plaintiffs claim to be "confused" about the Court's ruling as to the "Do Not File" materials, they undoubtedly understand that the Court limited such discovery to the past two years. Accordingly, the Court need not clarify this portion of the October 1996 Order.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration and/or clarification is denied.

It is So Ordered.